**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PRICE AND DEENA PRICE, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC COAST ACCOUNT MANAGEMENT, <br><br> Defendant. | Case No. 2:18-cv-09985 <br><br> **CORRECTED COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.** <br><br> **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COME, JOHN PRICE AND DEENA PRICE, through counsel, WAJDA LAW GROUP, APC, complaining of PACIFIC COAST ACCOUNT MANAGEMENT, as follows:

## NATURE OF THE ACTION

1.  This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

1

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. JOHN PRICE AND DEENA PRICE ("Plaintiffs") are natural persons, over 18-years-of-age, who at all times relevant resided in this judicial district.

6. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiffs are "debtors" as defined by Cal. Civ. Code § 1788.2(h).

8. PACIFIC COAST ACCOUNT MANAGEMENT ("Defendant") is a billing services company with a principal place of business in Mount Vernon, Washington.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**FACTUAL ALLEGATIONS**

11. Plaintiffs sought medical treatment from Skagit Valley Hospital.

12. In consideration of services to be provided, Plaintiffs agreed to be financially responsible to Skagit Valley Hospital for $1,664.79.

13. This amount is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. This amount is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

15. On August 9, 2018, Defendant sent Plaintiffs written correspondence:

16. Defendant's written correspondence provided:

> "We have been asked by Skagit Valley Hospital to request full payment of this account because you have not made payments as agreed…. [P]lease pay $1,664.79 not later than September 8, 2018."

17. Defendant's written correspondence failed to disclose that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose.

18. A true and correct copy of Defendant's written correspondence is attached as Exhibit A.

19. Exhibit A is a "communication" as defined by 15 U.S.C. § 1692a(2) as it conveyed information regarding the debt owed Skagit Valley Hospital directly to Plaintiffs.

20. By transmitting Exhibit A to Plaintiffs, Defendant attempted to collect debt incurred for "personal, family, or household purpose" as defined by 15 U.S.C. § 1692a(5).

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq*.)

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692e

22. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

***

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communications is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

23. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose.

24. Plaintiffs may enforce the provisions of 15 U.S.C. §§1692e(11) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector

who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs request the following relief:

A. a finding that Defendant violated 15 U.S.C. §§1692e(11);

B. an award of any actual damages sustained by Plaintiffs as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

**COUNT II:**
**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.)**

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Cal. Civ. Code § 1788.17**

26. California Civil Code § 1788.17 provides:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the

provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

27. As alleged, Defendant violated 15 U.S.C. § 1692e(11); therefore violating Cal. Civ. Code § 1788.17.

28. Plaintiff may enforce the provisions of Cal. Civ. Code § 1788.17 pursuant to Cal. Civ. Code § 1788.30 which provides:

(a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action.  Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiffs request the following relief:

A. a finding that Defendant violated Cal. Civ. Code § 1788.17;

B. an award of any actual damages sustained by Plaintiffs as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Date: November 26, 2018

Respectfully submitted,

**JOHN PRICE AND DEENA PRICE**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com